UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUGO ALFONSO ESPINOZA-GONZALEZ,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-07421-DAD-SCR

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND DENYING MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On September 14, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement (“ICE”). (Doc. No. 1.) On the same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4).

On September 15, 2026, the court set a briefing schedule as to petitioner’s motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed if respondents

opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 17, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Therein, respondents concede that 28 U.S.C. § 1226(a) governs petitioner's detention but argue that petitioner is only entitled to a post-detention bond hearing. (*Id.* at 2–3.) Respondents further argue that petitioner should be required to first exhaust his administrative remedies. (*Id.* at 4.) Respondent has not indicated that it opposes the court ruling on the merits of the underlying petition based on the briefing presently before it, and the court will do so.

First, as to respondent's exhaustion argument, the court incorporates the reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC (HC), 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) and waives prudential exhaustion in light of petitioner's challenge to his detention pursuant to the Due Process Clause.

Next, the court incorporates the reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026), in which the court determined that failure to provide an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a), mandates petitioner's release. Here, respondent has not come forward with any evidence that petitioner was provided an initial custody determination, and he is therefore entitled to habeas relief in the form of an order that he be released from custody.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Hugo Alfonso Espinoza-Gonzalez, A-File No. 222-597-529, from respondents' custody;

/////

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting habeas relief;

4. Petitioner's motion to appoint counsel (Doc. No. 4) is DENIED as having been rendered moot by this order granting habeas relief;

5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE